This is the Secretary of Veterans Affairs, Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Jerry Douglas. Mr. Douglas appeals the decision of the United States Court of Appeals for Veterans Claims, which held that Mr. Douglas had not shown that his award of service connection was based upon the service department records that had been associated with his file. Mr. Douglas believes that that is a misinterpretation of the relevant regulation 38 CFR 3.156C. Not just question of fact or application of flawed effect? No, Your Honor, because this question deals with the application of this regulation in every situation, not in this specific situation. In this specific situation, we believe that it applies, and it applies because of the VA's interpretation of its own regulation as published in June of 2005 prior to the issuance of the Board decision in this case. Doesn't 156C require a new record that could have been discovered earlier? No, Your Honor, it requires a record that was not previously considered. In the VA's publication in 2005 at 70 Fed Reg 35 388 and 389, the VA gives an example that if the VA itself had in its possession records during the prior adjudication but did not associate the records with the claim before the final denial, then the evidence would still warrant reconsideration and retroactive evaluation of the disability. Now that's precisely what was required in this case and what did not happen because the court below relied upon a misinterpretation of this regulation by suggesting that the award had to be on the basis of those records. Certainly, it contributed to the ultimate determination, but it didn't have to be the basis for the award of service connection. It simply had to be something within the service records. In 1983, when this matter was considered by the VA, the VA did not… What was missing from the record in 1983 that was available at that time? Well, I'm not sure it was missing, Your Honor, but what was not considered was that there was an injury to their back. But it was there. It was in the record. Well, it was in the service department records, yes. Now, what evidence did we have that it wasn't considered? The decision in 1983. In 1983, yes. And the decision in 1983 said that there was no medical evidence indicating any treatment for his back. That means that when they read these service medical records, they looked at these service medical records only for treatment. They didn't look at the service records to determine whether there had or had not been an injury. The predicate for entitlement to service connection is an injury that occurs. In 1998, the Board of Veterans' Appeals, when it both granted reopening and found entitlement to service connection, found that the service records did indeed indicate that there had been such an injury during service. As a consequence, the provisions of 3.156C were triggered, and he was entitled to the benefit of those regulations for a retroactive evaluation of whether or not he did or did not have a back disability at the time in which he filed his 1983 claim, and then what the appropriate rating would have been until the time that he became service connected. I thought the service medical records showed an injury to the abdomen as a result of being caught between two tractors, and that the back part of this didn't come up until later when one of his buddies testified that he had complained about back pain at the same time. Of course, I realize that these are factual matters that are not for our review, but they're in here and you're talking about them today. Well, and that is one of the problems in this case and in many of these cases, with understanding exactly what it was that was in the record. There is no way of ascertaining specifically what was in the record and, for that matter, what the Board relied upon. The Board in 1998 was the one that indicated that there was evidence in the service records of the injury to the back. Now, obviously, they extrapolated something from those records that was not extrapolated. There was an injury, but it was nothing about the back that I recall. And I believe that that's Judge Mayer's point, and I'm simply saying that in 1998 what the Board did was to extrapolate from that that there was an injury to the back. Now, this may have been in relationship to the other lay evidence that had been received, but that's precisely the point of 3.156C. This is a remedial, beneficial regulation that says to the veteran, if we didn't properly consider your service records, even though we had them in our possession, and then we later reconsider them and award you the benefit, then you will be entitled to a reevaluation of your disability back to the date of the original claim. That's all this particular case is about and all the interpretation is about of how to interpret the VA's own regulation. The Court did not defer to the VA's own interpretation of its regulation. Instead, the Court below decided that it would read into the regulation something which doesn't exist, which is that the new evidence must be the basis for the award. That's not in the regulation. That's not part of the VA's own interpretation of its regulation. The Court below relied upon a misinterpretation of this regulation. Unless there's any further questions, John, I believe I've covered all the points that I intend to cover. I'll reserve the balance if I need it for my rebuttal. But isn't the only reason he's granted service connection is because of the new evidence, the new submission, the doctor's note and his friend's... His delay statement, absolutely, Your Honor. So that new evidence is what grants him the service connection, not something that was in the record and not acknowledged before. But, Your Honor, there is no requirement for that in the regulation. And if the VA explains its own regulation, it explains that it is the VA's receipt. Did we have them or did we get them? If we had them or we then got them and we hadn't considered them in the original decision, which they did not do, then the benefits of 3.156C become operative. Thank you very much, Your Honor. Ms. Stern? Good morning, Your Honors. May it please the Court. Mr. Douglas strongly advocates today for the Court to accept the VA's own interpretation of this regulation as reported in the Federal Register. And so I'm going to read directly from the VA's statements in the Federal Register, specifically, quote, This exception, 3.156C, applies when VA receives official service department records that were unavailable at the time that VA previously decided a claim for benefits, and those records leave VA to award a benefit that was not granted in the previous decision. So it does have to be those records? It does have to be, at least in part or in whole, those records that were previously unavailable. The Board and the Veterans Court found, as a matter of fact, that Mr. Douglas' award was based on his newly submitted evidence, his doctor's report, testimony of a colleague from the service, and his own testimony with his wife, and not upon service records that were first available after the VA's original decision. Mr. Douglas' challenge appears to be to the facts found by the Board. He suggests that the Board's 1998 finding must have depended either on new records or new consideration of records, but that flies directly in the face of the factual findings of the Board and of the Veterans Court, and, of course, this Court does not have jurisdiction to revisit those factual findings. But as a matter of legal interpretation, I hear this morning Mr. Douglas urging the Court to accept the VA's own interpretation of its regulation, and that interpretation, as I just read and quoted from the Federal Register, requires the award to have been based on new records that were not in the VA's possession at the time of its original decision, and the Board and the Veterans Court clearly found that is not what this award was based on. Unless there are any questions from the Court, we've covered this in our brief and argument this morning. Thank you, Your Honors. Thank you. Mr. Carpenter. I concede that in the public notice that the VA offers two apparently contradictory positions, the one that the VA just stood up and relied upon and the one that we have relied upon. In that case, Your Honor, the benefit of the doubt needs to be resolved in favor of the interpretation which most benefits the Veteran. This is a remedial regulation. It should be allowed to remediate. If there is a conflict, then that conflict needs to be resolved in favor of the Veteran. Thank you very much, Your Honor. All right. Case is submitted.